IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K. JOHN CORRIGAN, M. MARTHA CORRIGAN, HANLEY RANCH PARTNERSHIP, MICHAEL F. HANLEY, IV, AND LINDA LEE HANLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVID L. BERNHARDT, Secretary of the Interior; BRIAN STEED, Acting Director, Bureau of Land Management; JOHN F. RUHS, Idaho State Director, Bureau of Land Management; LARA DOUGLAS, Boise District Manager, Bureau of Land Management; and DONN CHRISTIANSEN, Owyhee Field Manager, Bureau of Land Management,<br><br>    Defendants.<br><br>and<br><br>WESTERN WATERSHEDS PROJECT,<br><br>    Intervenor | Case No. 1:18-CV-512-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to intervene filed by Western Watersheds Project (WWP). The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion to the extent it seeks permissive intervention.

**Memorandum Decision & Order – page 1**

# FACTUAL BACKGROUND

Plaintiffs filed this lawsuit challenging the BLM's cancellation of their grazing preferences on two allotments – known as the Hanley FFR and Trout Springs allotments – on BLM lands in Idaho. This controversy began when BLM concluded in 2009 that plaintiff Hanley Ranch was no longer qualified to hold a BLM grazing permit because of an "unsatisfactory record of performance" between 2002 and 2009. *See Corrigan v. BLM*, 190 IBLA 371, 374 (2017). BLM determined that Hanley Ranch violated the terms of its grazing permit every year between 2002 and 2009, and that these violations caused "substantial overgrazing" of the Trout Springs allotment. *See Hanley Ranch P'ship v. BLM*, 183 IBLA 184, 189-91, 202-07, 211-14 (2013). Consequently, BLM decided in 2009 not to renew Hanley Ranch's grazing permit.

In an attempt to preserve its grazing privileges, Hanley Ranch transferred control of its "base property" – private lands totaling about 1,900 acres – to Martha Corrigan (plaintiff Michael Hanley's daughter) and her husband John Corrigan. The Corrigans then applied for a transfer of Hanley Ranch's "grazing preference" and a grazing permit for the Trout Springs and Hanley FFR allotments. A "grazing preference" gives a preference to the owner of the "base property" to obtain a grazing permit over all other applicants so long as the owner meets all requirements for a permit.

BLM denied the transfer of "grazing preference" because Hanley Ranch was no longer eligible to receive a grazing permit, and that decision was affirmed by the Interior Board of Land Appeals (IBLA). *Corrigan, supra,* at 375-76, 394. The IBLA explained that under BLM regulations, "grazing preference" does not constitute "any kind" of

**Memorandum Decision & Order – page 2**

"indefinite entitlement" or "property-based right[]," and agreed with BLM that a "grazing preference" does not exist independently of a grazing permit. *Id*. at 388. Consequently, "if a person ceases to be a 'permittee' he or she ceases to control preference." *Id*.

In response, the Hanleys and Corrigans filed this lawsuit under the Administrative Procedures Act (APA) seeking judicial review of the IBLA decision. On the merits of the IBLA decision, the plaintiffs argue that a grazing preference is separate from a grazing permit and that the preference does not disappear just because the permit is denied. As to the remedy, plaintiffs seek reversal of the agency decisions to deny the (1) Corrigan's transfer application and (2) Corrigan's grazing permit.

Western Watersheds Project (WWP) has filed a motion to intervene. Plaintiffs do not object to WWP intervening in the remedies phase should the Court agree with plaintiffs on the merits that their grazing preference continued to exist despite the denial of their grazing permit, but they object to WWP's intervention on the merits phase of this case.

## LEGAL STANDARDS

Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *See* Fed.R.Civ.P. 24(b) (1). A district court has discretion to grant or deny permissive intervention to applicants meeting these threshold requirements. *Dep't of Fair Employment & Hous. v. Lucent Technologies, Inc.,* 642 F.3d 728, 741 (9th Cir.2011). However, in exercising that discretion, the court "must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed.R.Civ.P. 24(b)(3).

## ANALYSIS

WWP has a claim that "shares with the main action a common question of law or fact." WWP is an Idaho-based conservation organization whose mission is to protect, preserve, and recover watersheds and wildlife habitat throughout the West through education, public policy initiatives, and legal advocacy. *See Marvel Declaration (Dkt. No. 10-3)* at ¶ 11. WWP's interest in the condition of the allotments at issue here dates back to 1997 when WWP challenged the Hanley Ranch's grazing permit on the grounds that overgrazing was degrading the public land and that the BLM was not doing enough to protect the environment. After years of litigation, the BLM decided to not renew the Hanley Ranch's grazing permit on the two allotments and to reject the attempted transfer of a grazing preference to the Corrigans, as discussed above.

In this litigation, WWP will not be raising any new claims but will instead "share with the main action" the goal of affirming the BLM's decision that a grazing preference ceases to exist when the underlying grazing permit is not renewed. This is an important question for WWP, an organization that seeks strict enforcement of grazing restrictions throughout the West. Thus, it is not enough for WWP to be allowed to intervene only in the remedies portion.

The Court can ensure that there will be no undue delay or prejudice as WWP will be under the same deadlines as the BLM and will not be allowed to duplicate any arguments made by the BLM. This raises the issue, however, whether WWP is already

**Memorandum Decision & Order – page 4**

adequately protected by the BLM and hence has no need to intervene. The answer is no because the BLM must consider multiple uses, including grazing, under its statutory mandate and has frequently been at odds with WWP in litigation in this Court over many years.

For these reasons, the Court will grant WWP's motion to the extent it seeks permissive intervention on the condition that it comply with the same deadlines as the BLM and not duplicate any of the agency's arguments.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 10) is GRANTED and that Western Watersheds Project be granted PERMISSIVE INTERVENTION pursuant to Rule 24(b)(1) on the conditions set forth above.

IT IS FURTHER ORDERED, that the Clerk shall schedule a telephone scheduling conference and that counsel shall file a litigation plan and a discovery plan as directed in the Clerk's Notice setting up that conference.

DATED: June 27, 2019

B. Lynn Winmill
U.S. District Court Judge